SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASVIR SINGH, <br><br> Plaintiff, <br><br> v. <br><br> ALBERTO GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director, U.S. Citizenship and Immigration Services; EVELYN UPCHURCH, Director, Texas Service Center, U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, Director of Federal Bureau of Investigation, <br><br> Defendants. | No. C 07-2519 MEJ <br><br> DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, CROSS-MOTION FOR SUMMARY JUDGMENT; AND DECLARATION OF NABOONE PURIPONGS <br><br> Date:   November 15, 2007 <br> Time:   10:00 a.m. <br> Courtroom: B, 15th Floor |

I.  INTRODUCTION

Plaintiff Jasvir Singh asks this Court to issue a writ of mandamus, compelling Defendants to reach a decision on his application for adjustment of status to legal permanent resident (LPR).  He also asks the Court to find that Defendants have violated the Administrative Procedure Act (APA), and to grant relief under the Declaratory Judgment Act.  Plaintiff's claims must fail.

Plaintiff's name check with the Federal Bureau of Investigation (FBI) is complete and his application is pending because Plaintiff's asylum application included information that he is a member or a supporter of an organization that may come within the definition of an undesignated

terrorist organization, and is being further scrutinized by Defendant U.S. Citizenship and Immigration Services (USCIS). Defendants are entitled to judgment as a matter of law. Accordingly, Defendants respectfully ask this Court to grant their motion for summary judgment.

## II.  FACTS

Plaintiff is a native and citizen of India who was granted asylum on April 8, 2002. *See* Declaration of Naboone Puripongs (Puripongs Decl.) ¶ 3 (attached as Exh. A). On August 25, 2003, Plaintiff applied for adjustment of status and was assigned receipt number LIN-03-254-53330. Puripongs Decl. ¶ 5. On September 3, 2003, a request for background security name check was submitted electronically to the FBI, and it was completed on September 24, 2003. Puripongs Decl. ¶ 12. In May 2005, President Bush signed into law the REAL ID Act of 2005 lifted the numerical cap on asylum adjustment applications, but also significantly amended the inadmissibility provisions at 8 U.S.C. 1182(a)(3) as well as the statutory bars to asylum. Puripongs Decl. ¶ 13. Plaintiff's asylum claim included information indicating that he is or was a member or supporter of the All India Sikh Student Federation (AISSF), an organization that may come within the definition of an undesignated terrorist organization. Puripongs Decl. ¶ 14. USCIS is interpreting and reviewing the REAL ID Act changes as to the definitions of inadmissibility in cases involving AISSF, and anticipate an action within 60 days from the 26TH of September, 2007. Puripongs Decl. ¶ 15.

## III. GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

### A.  Legal Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *See id.* at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in

1 a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.
2 1997). A principal purpose of the summary judgment procedure is to identify and dispose of
3 factually unsupported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).

**B. Adjustment of Status**

Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255, authorizes the Secretary of the Department of Homeland Security ("Secretary")[1] to adjust to permanent residence status certain aliens who have been admitted into the United States. Adjustment of status is committed to the Secretary's discretion as a matter of law. Section 1255(a) expressly provides:

> The status of an alien who was inspected and admitted or paroled into the United States . . . <u>may</u> be adjusted by the [Secretary], <u>in his discretion</u> and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]

8 U.S.C. 1255(a) (emphasis added). Significantly, the statute does not set forth any time frame in which a determination must be made on an application to adjust status.

**C. Relief Available Under the Mandamus Act and the APA**

Mandamus is an extraordinary remedy. *See Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The United States Supreme Court has stated that "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The Ninth Circuit has explained that

> [m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.

*Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). Thus, "'mandamus does not lie to review the discretionary acts of officials.'" *See Nova Stylings Inc. v. Ladd*, 695 F.2d 1179,

---

[1] On March 1, 2003, the Department of Homeland Security and its United States Citizenship and Immigration Services assumed responsibility for the adjustment program. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

Motion for Summary Judgment
C07-2519 MEJ                              3

1180 (9th Cir. 1983), quoting *Nelson v. Kleppe*, 457 F. Supp. 5, 8 (D. Idaho 1976). Mandamus may not be used to instruct an official how to exercise discretion. *Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir. 1968).

Judicial review under the APA, 5 U.S.C. § 701, *et seq.*, is also specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Agency action, as defined under the APA, also includes "a failure to act." 5 U.S.C. § 551(13). Where a plaintiff alleges a violation of the APA, the Court must decide whether Defendants' actions. Under 5 U.S.C. § 706(1), a court may compel "agency action unlawfully withheld or unreasonably delayed." The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of prejudice to one of the parties. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 124 S. Ct. 2373, 2378-80, 159 L. Ed. 2d 137 (2004); *Rockbridge v. Lincoln*, 449 F.2d 567, 569-73 (9th Cir. 1971).

The APA does not provide an independent jurisdictional basis. *Califano v. Sanders*, 430 U.S. 99, 107 (1977); *Staacke v. U.S. Department of Labor*, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards for reviewing agency action once jurisdiction is otherwise established. *Staacke*, 841 F.2d at 282. Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), does not provide an independent basis for jurisdiction; rather, it only expands the range of remedies available in federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).

## IV. ANALYSIS

### A. Claims Against the FBI are Moot

The mootness doctrine applies to a complaint for which relief has already been granted. *See Idaho Dept. of Fish & Game v. National Marine Fisheries Service*, 56 F.3d 1071, 1074-75 (9th Cir. 1995). A case should be dismissed as moot when "there is no effective relief remaining for a court to provide." *GATX/Airlog Co. v. U.S. Dist. Court for Northern Dist. of California*, 192 F.3d 1304, 1306 (9th Cir. 1999) (citation omitted); *see also, State of Nev., ex rel. Nevada State Bd. of Agriculture v. United States*, 699 F.2d 486, 487 (9th Cir.

1983) (following the "general rule that when actions complained of have been completed or terminated, declaratory judgment and injunctive actions are precluded by the doctrine of mootness"). The FBI completed Plaintiff's name check in 2003 and properly transmitted the results to the Department of Homeland Security. Puripongs Decl. ¶ 12. Therefore, claims against the FBI are moot.

**B. The Mandamus Act and the APA Cannot Provide Plaintiff the Relief He Seeks**

Mandamus is reserved for those situations in which the duty is ministerial, nondiscretionary, and so plainly prescribed as to be free from doubt. *Kildare*, 325 F.3d at 1078. A ministerial act is "devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987). A duty is ministerial "where the officer can do only one thing." *Work v. United States*, 267 U.S. 175, 177 (1925).

Here, the statute itself commits the pace of processing Plaintiff's application to the discretion of the Attorney General. *See* 8 U.S.C. § 1255(a) (an alien's status "*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as *he may* prescribe." (emphasis added)). The applicable regulations make it clear that the Secretary wished to vest USCIS with discretion in how to conduct the adjudication. *See e.g.*, 8 C.F.R.§ 245.6 (an "interview *may* be waived . . . when it is determined by the Service that an interview is unnecessary") (emphasis added); *see also id.* at § 103.2(b)(7) ("[The Service] *may* direct any necessary investigation") (emphasis added); *id.* at § 103.2(b)(18) ("A district director <u>may</u> authorize withholding adjudication") (emphasis added). Furthermore, USCIS has exercised its discretion in determining whether Plaintiff's involvement with an organization that may come within the definition of an undesignated terrorist organization, which would alter inadmissability provisions and whether Plaintiff can qualify for LPR status under the law as it changed in 2005. Puripongs Decl. ¶ 13-15.

**C.    The Delay is Reasonable**

Even if the actions at issue were not discretionary, Plaintiff has failed to establish the existence of an unreasonable delay. To determine whether a delay is egregious, such that relief under the APA is warranted, several circuits have adopted the test first articulated in

Motion for Summary Judgment
C07-2519 MEJ                                             5

*Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). As outlined in *TRAC*, the factors for consideration include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay;
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80.

The court in *Sze v. INS*, No. C 97-0569 SC, 1997 WL 446236, at *8 (N.D. Cal. Jul. 24, 1997), which applied the *TRAC* test to a similar complained-of delay in the immigration context, found the fourth factor to be the most persuasive. *Id.* at *8. The court, in refusing to grant relief under the APA, held that "the reasonableness of administrative delays must be judged in light of the resources available to the agency." *Id.* The court also recognized that by granting relief, it "would, at best, reorder the queue of applications, thereby leading to little net benefit." *Id.; see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 117 (D.D.C. 2005) (granting deference to agency's decision on how to handle competing applications for permanent labor certifications).

In *Liberty Fund*, the court refused to grant mandamus relief where it was requested solely due to the length of the delay in processing alien labor certifications. 394 F. Supp. 2d at 115. Applying the *TRAC* factors, the court held that without a statutory timetable governing agency action, the *TRAC* factor, "that weighs most heavily under the circumstances of the case is the fourth factor - the effect of granting relief on the agency's competing priorities." *Id.* at 116. After examining the agency's priorities, growing workload, and good faith efforts to alleviate the delays, the court concluded that mandamus relief was not warranted. *Id.* at 119. Just as in *Liberty Fund*, Plaintiff's argument of unreasonable delay in this case must also fail. Plaintiff asks this Court to find that USCIS has not adjudicated his I-485

1 application in a reasonable period of time.  Plaintiff's legal arguments under Sections 555(b)
2 and 706(1) of the APA fail because adjudication has not been unreasonably delayed.
3 Contrary to Plaintiff's pleadings, the existence of administrative delays does not mean that
4 such delays are unreasonable.  Courts have noted that "the reasonableness of such delays
5 must be judged in light of the resources that Congress has supplied to the agency for the
6 exercise of its functions, as well as the impact of the delays on the applicants' interests."
7 *Fraga v. Smith*, 607 F. Supp. 517, 521 (D. Or. 1985) (citing *Wright v. Califano*, 587 F.2d
8 345, 353 (7th Cir. 1978)).  Indeed, "[t]he passage of time alone is rarely enough to justify a
9 court's intervention in the administrative process."  *Fraga*, 607 F. Supp. at 521.

10     Here, in May 2005, the asylum adjustment cap was lifted because the Real ID Act
11 significantly amended the inadmissability provisions of 8 U.S.C. § 1182(a)(3).  Puripongs
12 Decl. ¶ 13.  Plaintiff's asylum claim included information indicating that he is or was a
13 member of the AISSF, an organization that may come within the definition of an
14 undesignated terrorist organization.  Puripongs Decl. ¶ 14.  In February 2007, the Secretary
15 of DHS exercised his authority not to apply the material support inadmissability provisions
16 to 8 listed undesignated terrorist organizations and the AISSF was not on that list, but is
17 being considered.  Puripongs Decl., ¶ 14.  USCIS anticipates taking action on plaintiff's
18 application within 60 days of September 26, 2007.  Puripongs Decl. ¶ 15.  Plaintiff has
19 applied for and received travel documents that are valid through August 2008.  Puripongs
20 Decl. ¶ 16.  The first *TRAC* factor requires an agency to govern decisions with a rule of
21 reason.  *TRAC*, 750 F.2d at 80. In Plaintiff's case, this means that USCIS must decide
22 whether AISSF is an undesignated terrorist group before reaching a decision on his I-485
23 adjustment application.

24     The second *TRAC* factor does not apply to the present case because there is neither a
25 statutory requirement that the Secretary of DHS decide whether AISSF is an undesignated
26 terrorist organization, nor one requiring USCIS to adjudicate the application within a certain
27 amount of time.  Contra Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L.
28 No. 108-458, § 3001(g), 118 Stat. 3638 (2004) (requiring Government personnel security

1  checks to be completed within a certain time frame).   Additionally, Congress has not
2  provided any clear guidelines indicating the speed at which the USCIS should conduct its
3  adjudications.  Congress has, however, required that USCIS conduct certain criminal and
4  national security background checks to ensure eligibility for adjustment of status.  *See* 8
5  U.S.C. §§ 1105(b)(1), 1255(a).

6  Where there are no statutory guidelines, and in order to establish a "rule of reason," this
7  Court must consider the factors that contribute to the backlogs that both the FBI and USCIS
8  face.  *See, e.g., INS v. Miranda*, 459 U.S. 14, 18 (1982) ("Both the number of the
9  applications received by the INS and the need to investigate their validity may make it
10 difficult for the agency to process an application as promptly as may be desirable").  In
11 making a request for immigration benefits, "aliens only have those statutory rights granted
12 by Congress," *Marincas v. Lewis*, 92 F.3d 195,  203 (3d Cir. 1996), and no federal statute or
13 regulation prescribes a hard-and-fast deadline for acting upon immigration applications, such
14 as the ones in this case, submitted to the USCIS.  *See Cordoba v. McElroy*, 78 F. Supp. 2d
15 240, 244 (S.D.N.Y. 2000).

16 The third *TRAC* factor is the delay's impact on human health, welfare, and economic
17 harm to Plaintiff.  This factor's analysis overlaps with the analysis of the fifth *TRAC* factor,
18 the nature and extent of the interests prejudiced by the delay.  *TRAC*, 750 F.2d at 80; *Liberty*
19 *Fund*, 394 F. Supp. 2d at 118.  Plaintiff may be inconvenienced by the delay in adjudication,
20 but this individual interest cannot outweigh Defendants' interests in fully and accurately
21 assess Plaintiff's involvement, if any, with an organization that may be and undesignated
22 terrorist organization.  *See* The 9/11 Commission Report, 2004 WL 1634382 at 352 (Jul. 22,
23 2004) (finding that, "had the immigration system set a higher bar for determining whether
24 individuals are who or what they claim to be....it could have potentially have excluded,
25 removed, or come into further contact with several hijackers who did not appear to meet the
26 terms for admitting short-term visitors.").

27 The sixth and last TRAC factor provides that a court need not find impropriety to
28 hold that an agency action is unreasonably delayed.  Conversely, "the good faith of the

1 | agency in addressing the delay weighs against mandamus." *Liberty Fund*, 394 F. Supp. 2d at
2 | 120. Here, the USCIS anticipates acting on this application for adjustment of status within
3 | 60 days from September 26, 2007.  Puripongs Decl. ¶ 15.   Thus, balancing the *TRAC* factors
4 | demonstrates the reasonableness of the Government's actions.
5 | Many courts have refused to grant relief under the APA, even when naturalization or
6 | other immigration applications were pending for significant time periods.  *See Saleh*, 367 F.
7 | Supp. 2d at 513 (finding five-year delay not in violation of APA in part in light of volume of
8 | applications); *Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (over three-year
9 | delay not unreasonable because of government's limited resources and substantial caseload);
10 | *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 656-57 (N.D. Tex. 2005) (no unreasonable delay
11 | found in naturalization context because of need to wait for completion of FBI investigation).
12 | Just as in these cases, Plaintiff in the present case insists that this Court find an unreasonable
13 | delay based solely on the amount of time passed since receipt of his application.  However,
14 | the law requires a more in-depth analysis for mandamus relief under the APA.  A review of
15 | the six *TRAC* factors shows that Defendants have not unreasonably delayed actions
16 | pertaining to Plaintiff's adjustment of status application.

## V.  CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to dismiss the FBI from this action and grant the remaining Defendant's motion for summary judgment as a matter of law.

Dated: October 18, 2007                    Respectfully submitted,

                                                                     SCOTT N. SCHOOLS
United States Attorney

                                                                               /s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants